**Daysi Consuelo EZPERANZA BARRERA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77371.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 11, 2007.

Philippe M. Dwelshauvers, Esq., Fresno, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Daysi Consuelo Ezperanza Barrera, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals summarily affirming an immigration judge's denial of her motion to reopen the underlying order of removal. The IJ denied the motion to reopen because petitioner filed it ten years after the entry of the final order of removal, and it was time-barred under 8 C.F.R. § 1003.23(b)(4)(iii).

Petitioner contends that the BIA violated her due process rights by not articulating any reasons for summarily affirming the IJ's denial of the motion to reopen. The petitioner also contends that the BIA should have *sua sponte* reopened the proceedings because there were exceptional circumstances to excuse the untimeliness where petitioner is married to a lawful permanent resident and petitioner has applied for adjustment of status under the Nicaraguan Adjustment and Central American Relief Act.

We lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings, and therefore do not consider petitioner's contention that the motion should have been granted despite its untimeliness. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). Although we retain jurisdiction to consider petitioner's constitutional claim, *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003), we reject her challenge to the BIA's streamlining procedures because

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that claim is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.